

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

---

## NO. PD-1632-11

---

**PAUL KRAJCOVIC, Appellant**

**v.**

**THE STATE OF TEXAS**

---

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SECOND COURT OF APPEALS
### DENTON COUNTY

---

**PRICE, J., filed a concurring opinion.**

### <u>CONCURRING OPINION</u>

Although I join the Court's opinion, I do so somewhat hesitantly, if only because I am not wholly certain I understand what the Court means when it requires "affirmative evidence to support a rational inference that the murder was committed on or after September 1st."[1] I write separately in an attempt to add some substantive content to that requirement.

---

[1] Majority Opinion at 12.

The use of deadly force in self-defense is a justification under the Penal Code.[2]  It is a defense to prosecution for a criminal offense that the charged conduct is justified.[3]  A defense "is not submitted to the jury unless evidence is admitted supporting the defense."[4]  What this means is that the defendant bears the burden of production with respect to a defense, which, in turn, simply means that if no evidence from any source serves to raise the defense, he may not reap the benefit of a jury charge authorizing his acquittal should the jury have a reasonable doubt with respect to the facts establishing that defense.[5]  That the jury must acquit if it harbors a reasonable doubt about a defense means that, once the defense is raised, the State bears the ultimate burden of persuasion.

What does it mean to say that the evidence "raises" a defense?  First of all, we have made it clear that whether the evidence suffices to raise a defense is a question of law.[6]  The legal standard is that there must be "some evidence, from any source, on each element of the defense that, if believed by the jury, would support a rational inference that that element is

---

[2]

TEX. PENAL CODE § 9.32(a).

[3]

TEX. PENAL CODE § 9.02.

[4]

TEX. PENAL CODE § 2.03(c).

[5]

TEX. PENAL CODE § 2.03(d).

[6]

*Shaw v. State*, 243 S.W.3d 647, 658 (Tex. Crim. App. 2007).

true."[7]  So long as the inference is available and establishes a prima facie case for the defense, the defendant has met his burden of production, and the law requires submission of the defense to the fact-finder.[8]  It matters not that the evidence that supports it may be weak or contradicted—those are considerations for the jury.[9]  Today, the Court seems to add to the legal standard a requirement that the evidence offered in support of a defense must also be "affirmative" before it can establish a prima facie case requiring submission of the defense to the jury.[10]  But the Court makes no attempt to explain what this means, and I fear that it will serve only to confuse the jurisprudence.

At issue in this case is not really whether the facts raise the defense of the use of deadly force in self-defense, but what incarnation of the law applies.  The answer to that question depends upon when the homicide occurred.  If it happened in late August of 2007, then the jury would have to find that the appellant could not reasonably have retreated before he was lawfully justified in resorting to deadly force.[11]  If it happened on or after September 1, 2007, by contrast, then the jury would be prohibited from considering whether the

---

[7]  *Id*. at 657-58.

[8]  *Id*.

[9]  *Id*. at 658.

[10]  Majority Opinion at 10-12.

[11]  Acts 1995, 74th Leg., ch. 235, § 1, p. 2141, eff. Sept. 1, 1995.

appellant could have retreated—at least, so long as 1) he had a right to be present where the deadly force was used, 2) he did not provoke the deceased, and 3) he was not engaged in criminal activity at that time.[12]  The question in this case is *which* of these two incarnations of the law applies.  The court of appeals believed that the answer to this question was not "clear-cut" because "[t]here was evidence of both scenarios."[13]  Today this Court disagrees, holding that the trial court properly applied the former law because there was no "affirmative" evidence that the homicide occurred on or after September 1st.[14]

There is a sense in which it can be said that the court of appeals and the Court today are both right.  In truth, what the evidence establishes is a window of time during which the homicide must have occurred, without establishing a precise temporal point that definitively determines which version of the law applies.  Does this mean, however, that the evidence supports "both scenarios"?  I would say that the evidence is simply ambiguous.  It is at least possible, based on the evidence in the record, that the homicide took place in either late August or early September.  As depicted by both the court of appeals and this Court, the record does provide some rational basis to prefer the theory that the killing took place in late August.  It provides no particular basis to prefer the theory that it occurred, instead, in early

---

[12]  Acts 2007, 80th Leg., ch. 1, §§ 3 & 5, p. 2, eff. Sept. 1, 2007.

[13]  *Krajcovic v. State*, 351 S.W.3d 523, 530 (Tex. App.—Forth Worth 2011).

[14]  Majority Opinion at 10-12.

September, although, because of the medical examiner's testimony, that remains a possibility that the record cannot definitively rule out. Under these circumstances, I agree with the Court that there is no "affirmative" evidence that the killing happened in September—if, by that, the Court means that the record admits of no basis to prefer the theory that it occurred in early September over the (at least marginally) more probable theory that it occurred in late August. That being the case, I would hold that the appellant has not satisfied his burden of production of evidence, for purposes of Section 2.03(c) of the Penal Code, to show that the legal justification of use of deadly force in self-defense *as it existed in the law beginning on September 1, 2007*, was raised.[15]

To the extent that I take this to be what the Court means when it declares there to be a lack of "affirmative" evidence, I join the Court's opinion.

FILED:      March 6, 2013
PUBLISH

---

[15] *See Ex parte Henderson*, 246 S.W.3d 690, 693-94 & n.5 (Tex. Crim. App. 2007) (Price, J., concurring) (new evidence established prima facie case for actual innocence because, taken together with medical examiner's trial testimony, it would mean that "the jury would no longer have any affirmative evidence to cause it to prefer the theory that [the deceased] was murdered as opposed to the theory that he was killed accidentally or with some lesser culpable mental state than is necessary to sustain a capital murder conviction") (citing *Nelson v. State*, 848 S.W.2d 126, 138-39 (Tex. Crim. App. 1992) (Clinton, J., dissenting) (State failed in its burden of production because evidence presented no rational basis for jury to prefer the theory that intent to obtain or maintain control over property was formulated before or during the homicide rather than after); *Mason v. State*, 905 S.W.2d 570, 579-80 (Tex. Crim. App. 1995) (Clinton, J., dissenting) (State failed in its burden of production because evidence presented no rational basis for jury to prefer theory of murder in the course of kidnaping over murder in the course of false imprisonment).